1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JAMES MICHAEL FAYED,                       No.  2:21-cv-02041 DB P

12                 Plaintiff,

13          v.                                   ORDER

14    KATHLEEN ALLISON,

15                 Defendant.

16

17          Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18    U.S.C. § 1983.  Plaintiff claims that defendants violated his due process rights when they took

19    restitution payments from his prison trust account while his sentence was held in stay and

20    abeyance.  Before the court is plaintiff's First Amended Complaint ("FAC") for screening (ECF

21    No. 18) as well as plaintiff's motions to proceed in forma pauperis (ECF No. 2), to amend the

22    complaint (ECF No. 17), to appoint counsel (ECF No. 19), and to reassign this case (ECF No.

23    20).

24          For the reasons stated below, the motion to proceed in forma pauperis will be granted, the

25    motion to amend the complaint will be denied as moot, the motion to appoint counsel will be

26    denied without prejudice, and the motion to reassign case will be denied.  Plaintiff's complaint

27    will be dismissed with leave to amend.

28    ////

                                                  1

1

**IN FORMA PAUPERIS**

2       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

3   1915(a).  (ECF No. 2.)  Accordingly, plaintiff's request to proceed in forma pauperis will be

4   granted.

5       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

6   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

7   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

8   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

9   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

10  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

11  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

12  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

13  1915(b)(2).

14

**SCREENING**

15  **I.      Legal Standards**

16      The court is required to screen complaints brought by prisoners seeking relief against a

17  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

18  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

19  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

20  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

21  U.S.C. § 1915A(b)(1) & (2).

22      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

23  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

24  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

25  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

26  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

27  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

28  the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

2

1  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

2  the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S.

3  544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

4       However, in order to survive dismissal for failure to state a claim a complaint must

5  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

6  factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

7  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

8  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

9  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

10  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

11       The Civil Rights Act under which this action was filed provides as follows:

12                Every person who, under color of [state law] . . . subjects, or causes
                 to be subjected, any citizen of the United States . . . to the deprivation
13                of any rights, privileges, or immunities secured by the Constitution .
                 . . shall be liable to the party injured in an action at law, suit in equity,
14                or other proper proceeding for redress.

15  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

16  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

17  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

18  person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

19  1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

20  an act which he is legally required to do that causes the deprivation of which complaint is made."

21  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

23  their employees under a theory of respondeat superior and, therefore, when a named defendant

24  holds a supervisorial position, the causal link between him and the claimed constitutional

25  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

26  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

27  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

28  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1  **II.     Linkage Requirement**

2        Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate

3  that each defendant personally participated in the deprivation of his rights.  See Jones v.

4  Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between

5  the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

6  Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor

7  v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

8        Government officials may not be held liable for the actions of their subordinates under a

9  theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in

10  Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious

11  liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has

12  violated the Constitution through his own individual actions by linking each named defendant

13  with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

14  Id. at 676.

15  **III.     Allegations in the FAC**

16        In the FAC, plaintiff names as defendants: California Department of Corrections and

17  Rehabilitation ("CDCR"), CDCR Secretary Kathleen Allison, Los Angeles District Attorney's

18  Office, Los Angeles District Attorney Steve Cooley, Deputy District Attorney Alan Jackson,

19  Deputy District Attorney Eric Harmon, County of Los Angeles, California Appellate Project, and

20  Habeas Corpus Resource Center.  (ECF No. 18 at 2.)

21        Plaintiff alleges the following in the FAC: following plaintiff's criminal conviction,

22  CDCR began "deducting restitution from funds intended for plaintiff's prison trust account."  (Id.

23  at 4-5.)  At that time, plaintiff was still in the process of appealing his conviction and thus the

24  restitution order was "stayed and held in abeyance" while his appeal was pending.  (Id. at 4.)

25  Plaintiff attempted to appeal this but was denied.  (Id. at 5.)

26        Plaintiff claims his due process rights were violated by defendants improperly taking

27  restitution from funds intended for his inmate trust account.  Plaintiff also asserts that defendants

28  were either "negligent in their duties, …deliberately violating state law, [or] being discriminatory

4

1    [sic] in the application thereof." (Id. at 7.)  Defendant seeks relief in the form of restoration of

2    money taken for restoration, compensatory damages, and punitive damages.  (Id. at 13-14.)

3         **IV.**     **Does Plaintiff State a § 1983 Claim?**

4            Plaintiff claims his property—money intended for his prison trust account—was taken and

5    not returned.  Plaintiff seeks the return of these funds and damages based on this deprivation of

6    his property.  (ECF No. 18 at 13-14.)

7            Only an authorized, intentional deprivation of property is actionable under the Due

8    Process Clause.  Neither negligent nor "unauthorized intentional deprivations of property gives

9    rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation

10   remedy." Hudson v. Palmer, 468 U.S. 517, 533 n. 14 (1984).  California provides an adequate

11   post-deprivation remedy for negligent deprivations of property.  Barnett v. Centoni, 31 F.3d 813,

12   816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95).

13           Plaintiff claims that defendants either acted intentionally or with negligence to his

14   constitutional rights.  (ECF No. 18 at 7.)  Plaintiff does not allege he was deprived of his property

15   as a result of a prison policy or some other authorized action.  Plaintiff further fails to show any

16   policy or other official authorization of the taking of plaintiff's property.  Even as to the County

17   of Los Angeles and the Superior Court for the County of Los Angeles, plaintiff only alleges that

18   these defendants failed to ensure that sentencing orders were "fully compliant with established

19   state law" not that there existed a policy that authorized the deprivation of plaintiff's property.

20   (Id. at 10.)

21         As plaintiff has not alleged that the deprivation of his property was pursuant to the policy

22   or other form of authorization from a government agency, plaintiff has an adequate post-

23   deprivation remedy under California law.  Barnett, 31 F.3d at 816-17.  As currently stated, his

24   claim based on the taking of his property is not cognizable under § 1983.  As it is possible

25   plaintiff can state a claim, plaintiff's FAC will be dismissed with leave to amend.  If plaintiff

26   believes he was deprived of his property as a result of an intentional, authorized act, he must

27   include factual allegations which support these claims in the amended complaint.

28   ////

**AMENDING THE COMPLAINT**

This court finds above that plaintiff has failed to allege sufficient facts to state a cognizable claim under § 1983.  Plaintiff will be given the opportunity to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above.  Any amended complaint must be complete in itself.  The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

6

1    The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

2    1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

3    heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

4    84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

5    set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)

6    ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

7    litigation on the merits of a claim."); Fed. R. Civ. P. 8.

8    An amended complaint must be complete in itself, without reference to any prior pleading.

9    E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

10    By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

11    evidentiary support for his allegations, and for violation of this rule, the court may impose

12    sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

### MOTION TO AMEND COMPLAINT

14    On February 2, 2022, plaintiff filed a motion to amend his initial complaint.  (ECF No.

15    17.)  Plaintiff has since filed an amended complaint with the court (ECF No. 18) which has been

16    screen above.  Accordingly, this motion will be denied as moot.

### MOTION TO APPOINT COUNSEL

18    Plaintiff has also requested appointment of counsel.  (ECF No. 19.)  The United States

19    Supreme Court has ruled that district courts lack authority to require counsel to represent indigent

20    prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

21    certain exceptional circumstances, the district court may request the voluntary assistance of

22    counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

23    1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

24    The test for exceptional circumstances requires the court to evaluate the plaintiff's

25    likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

26    light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

27    1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

28    common to most prisoners, such as lack of legal education and limited law library access, do not

1   establish exceptional circumstances that would warrant a request for voluntary assistance of

2   counsel.

3       In the present case, the court does not find the required exceptional circumstances. At the

4   present time, there is no indication that plaintiff is unable to articulate his claims pro se as he has

5   successfully filed a complaint (ECF No. 1), an amended complaint (ECF No. 18), and several

6   motions with the court (see e.g., ECF Nos. 17, 19, 20).  Additionally, as plaintiff's complaint has

7   not yet been found to state cognizable claims, it is impossible for the court to determine if there is

8   any likelihood of success on the merits at this point in time.  Accordingly, plaintiff's motion for

9   appointment of counsel (ECF No. 19) will be denied without prejudice for its renewal at a later

10   stage.

11                          **MOTION TO REASSIGN CASE**

12       Plaintiff requests that this case "be reassigned to a different Court/Judge/Magistrate

13   Judge" due to plaintiff's wish that the case progress quicker.  (ECF No. 20 at 2.)  Plaintiff has not

14   cited any legal authority or grounds on which he requests such a reassignment nor has plaintiff

15   shown such reassignment is even permissible.  Accordingly, this motion will be denied without

16   prejudice to its renewal.

17                               **CONCLUSION**

18       For the foregoing reasons, IT IS HEREBY ORDERED as follows:

19   1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

20   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is

21       assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

22       1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to

23       the Director of the California Department of Corrections and Rehabilitation filed

24       concurrently herewith.

25   3.  Plaintiff's motion to file an amended complaint (ECF No. 17) is denied as moot.

26   4.  Plaintiff's motion for appointment of counsel (ECF No. 19) is denied without prejudice.

27   5.  Plaintiff's request for reassignment of case (ECF No. 20) is denied without prejudice.

28   6.  Plaintiff's First Amended Complaint (ECF No. 18) is dismissed with leave to amend.

1    7.  Plaintiff is granted thirty days from the date of service of this order to file an amended

2        complaint.  The amended complaint must bear the docket number assigned to this case

3        and must be labeled "Second Amended Complaint."

4    8.  Failure to comply with this order will result in a recommendation that this action be

5        dismissed.

6   Dated:  April 26, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/faye2041.scrn.lta

9