1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES MICHAEL FAYED,                    No.  2:21-cv-02041 DB P

12              Plaintiff,

13        v.                                 ORDER

14   KATHLEEN ALLISON,

15              Defendant.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims that defendants violated his due process rights when they took

19   restitution payments from his account.  Before the court is plaintiff's Second Amended Complaint

20   ("SAC") for screening.  (ECF No. 29.)  For the reasons stated below, the SAC will be dismissed

21   with leave to amend.

22                                    **SCREENING**

23   **I.        Legal Standards**

24        The court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

26   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

27   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

28   ////

1

1    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

2    U.S.C. § 1915A(b)(1) & (2).

3           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8    pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

9    the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

10   showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

11   the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

12   544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13          However, in order to survive dismissal for failure to state a claim a complaint must

14   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

15   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

16   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

17   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

18   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

19   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20          The Civil Rights Act under which this action was filed provides as follows:

21                 Every person who, under color of [state law] . . . subjects, or causes
                   to be subjected, any citizen of the United States . . . to the deprivation
22                 of any rights, privileges, or immunities secured by the Constitution .
                   . . shall be liable to the party injured in an action at law, suit in equity,
23                 or other proper proceeding for redress.

24   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

25   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

26   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

27   person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

28   1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

2

1    an act which he is legally required to do that causes the deprivation of which complaint is made."

2    Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3            Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

4    their employees under a theory of respondeat superior and, therefore, when a named defendant

5    holds a supervisorial position, the causal link between him and the claimed constitutional

6    violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

7    Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

8    concerning the involvement of official personnel in civil rights violations are not sufficient.  See

9    Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10           **II.        Linkage Requirement**

11           Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate

12   that each defendant personally participated in the deprivation of his rights.  See Jones v.

13   Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between

14   the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

15   Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor

16   v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

17           Government officials may not be held liable for the actions of their subordinates under a

18   theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in

19   Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious

20   liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has

21   violated the Constitution through his own individual actions by linking each named defendant

22   with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

23   Id. at 676.

24           **III.      Allegations in the SAC**

25           In the SAC, plaintiff names as defendants: California Department of Corrections and

26   Rehabilitation ("CDCR"), CDCR Secretary Kathleen Allison, the California Attorney General,

27   the County of Los Angeles, and California Governor Gavin Newsom.  (ECF No. 29 at 1-2.)

28   ////

1    Plaintiff claims he was subject to restitution fund deductions despite actively appealing his

2    verdict.  (Id. at 10.)  Plaintiff argues that this violates his Fourth and Fourteenth Amendment

3    rights as it is an authorized intentional taking of his property that is prohibited by state law.  (Id.)

4    Plaintiff also alleges he was subject to an increase in the monthly amount deducted from his

5    inmate trust account for restitution as a result of California Proposition 66.  (Id. at 7.)  Plaintiff

6    claims that this violates his rights as breaches the Ex Post Facto Clause.  (Id. at 9.)

7        Plaintiff seeks injunctive relief "striking down the provisions of 'Proposition-66' that

8    violate Federal Constitutional protection" and returning "funds illegally deducted in error from

9    plaintiff's trust fund account" both due to the increase in restitution and while plaintiff was

10   engaged in a direct appeal of his conviction.  (Id. at 14-15.)  Plaintiff also seeks compensatory

11   and punitive damages for violating plaintiff's civil rights.  (Id. at 18-19.)

12   **IV.     Does Plaintiff State a § 1983 Claim?**

13       The claims in the SAC focus on two distinct issues.  The first is that plaintiff believes his

14   Fourth and Fourteenth Amendment rights were violated when restitution was taken from his

15   inmate trust account while he was in the process of appealing his conviction.  (ECF No. 29 at 10.)

16   In the second claim, plaintiff argues his rights under the Fourth and Fourteenth Amendments were

17   violated as Proposition 66 breached the Ex Post Facto Clause by increasing the rate at which

18   restitution money was taken from plaintiff's inmate trust account.  (Id. at 10.)

19       As to the first of these claims, plaintiff alleges that defendants intentionally took

20   restitution money from his inmate trust account as authorized by California Department of

21   Corrections and Rehabilitation ("CDCR") policy.  (Id. at 10.)  Plaintiff claims that this restitution

22   was unlawfully taken as California Penal Code 1243 required that the execution of the judgment

23   be stayed pending completion of his appeals.  (Id.)  However, the SAC fails to establish that the

24   defendants personally participated in the deprivation of plaintiff's constitutional rights.  See

25   Jones, 297 F.3d at 934; Iqbal, 556 U.S. at 676.  Though there are a number of defendants included

26   in the SAC, plaintiff simply states that defendants should be liable as they "knew (or) should have

27   known" plaintiff's rights were violated.  (ECF No. 29 at 7.)  Such broad allegations are vague and

28   conclusory and thus cannot satisfy the linkage requirement.  See Ivey, 673 F.2d at 268.  The only

1   allegation specific to a defendant is that defendant Allison, as secretary of the CDCR, is liable as

2   defendant Allison had responsibility for the supervision, management, and control of CDCR.

3   (ECF No. 29 at 5.)  This allegation is insufficient to state a claim as it too is overly vague and

4   improperly suggests defendant Allison is liable for the actions of subordinates under a theory of

5   respondeat superior.  Iqbal, 556 U.S. at 676.  Thus, plaintiff has failed to allege sufficient facts to

6   state a cognizable claim against the named defendants.

7        Plaintiff may still be able to state a claim related to the removal of restitution funds while

8   undergoing appeal.  As such, plaintiff will be granted leave to file an amended complaint.

9        As to plaintiff's second claim regarding the increase in monthly restitution money taken,

10   the Ninth Circuit has previously rejected that a statutory increase in the rate of restitution

11   payments violates the Ex Post Facto Clause.  Quarles v. Kane, 482 F.3d 1154, 1155 (9th Cir.

12   2007) (citing Russell v. Gregoire, 124 F.3d 1079, 1085 (9th Cir. 1997).  An increase to the rate at

13   which restitution may be collected is not an additional punishment and thus does not violate the

14   Ex Post Facto Clause.  Id.  As such, plaintiff's claim regarding the increase in the rate of his

15   restitution payments due to Proposition 66 is not a cognizable claim.[1]

16                        **AMENDING THE COMPLAINT**

17        This court finds above that plaintiff has failed to allege sufficient facts to state a

18   cognizable claim under § 1983.  Plaintiff will be given the opportunity to file an amended

19   complaint.

20        If plaintiff chooses to file an amended complaint, he must address the problems with his

21   complaint that are explained above.  Any amended complaint must be complete in itself.  The

22   court cannot refer to a prior complaint to understand the plaintiff's claims.

23   _____

24   [1] Though he does not say so clearly, the SAC suggests plaintiff may also wish to bring an equal
protection claim based on the fact that only prisoners sentenced to the death penalty were subject

25   to the increase in restitution.  (See ECF No. 29 at 9) ("[L]eaving the 55% deduction unchanged
for the rest of the state prison population, qualifies as discriminatory practice—unequal

26   enforcement of law.")  To the extent plaintiff seeks to bring a Fourteenth Amendment equal
protection claim in the SAC, this claim is not cognizable as plaintiff has not shown that he is a

27   member of a protected class or that he was treated differently from similarly situated inmates. See
Hartmann v. Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Engquist v.

28   Oregon Dept. of Agriculture, 553 U.S. 591, 601–02 (2008).

1    In an amended complaint plaintiff must clearly identify each defendant and the action that

2    defendant took that violated plaintiff's constitutional rights.  The court is not required to review

3    exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If

4    plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging

5    allegations must be set forth in the amended complaint, so defendants have fair notice of the

6    claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support

7    of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R.

8    Civ. P. 8(a).

9    Any amended complaint must show the federal court has jurisdiction, the action is brought

10   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

11   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

12   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

13   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the

14   deprivation of a constitutional right if he does an act, participates in another's act, or omits to

15   perform an act he is legally required to do that causes the alleged deprivation).  "Vague and

16   conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v.

17   Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

18   In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

19   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

20   R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

21   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

22   The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

23   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

24   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

25   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

26   set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)

27   ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

28   litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Second Amended Complaint (ECF No. 29) is dismissed with leave to amend as it fails to state a cognizable claim.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint."

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  January 19, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/faye2041.scrn.lta(2)