UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL FAYED, | No. 2:21-cv-02041 DB P |
| Plaintiff, | |
| v. | ORDER |
| KATHLEEN ALLISON, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. On February 21, 2023, plaintiff filed a Third Amended Complaint ("TAC") in this action. (ECF No. 35.) Plaintiff also simultaneously filed a Motion for Change of Venue. (ECF No. 36.)

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

////

1

1     Originally, plaintiff brought this case in the United States District Court for the Northern
2 District of California.  (See ECF No. 1.)  This action was subsequently transferred to this district
3 as the Northern District of California court found that the defendants in the original complaint did
4 not reside in the Northern District of California and the relevant events giving rise to the claim
5 did not appear to have occurred in that district.  (ECF No. 8 at 1.)  As noted in the order
6 transferring this action, plaintiff's original complaint named defendants residing in this district.
7 (See Id.)

8     Plaintiff now requests a change of venue back to the Northern District of California.
9 (ECF No. 36.)  As plaintiff notes in his motion, the TAC no longer names any defendants in this
10 district.  (See ECF No. 35 at 1.)  The TAC only names as defendants the County of Los Angeles
11 and Ron Davis, the former Warden at San Quentin State Prison ("SQ").  (Id.)  Additionally,
12 plaintiff asserts in his motion that the events in the TAC took place while plaintiff was
13 incarcerated at SQ.  (ECF No. 36 at 3.)  On these grounds, plaintiff argues that a change of venue
14 to the Northern District is proper as one of the defendants, defendant Davis, resides in that district
15 and the events giving rise to the claim occurred there.  (Id. at 4.)

16     It appears that plaintiff is correct that this district is no longer a proper venue in light of
17 the TAC.  Plaintiff's claims do not involve any defendants in this district and arose from events
18 that occurred outside of this district.  As plaintiff suggests, under the TAC, venue properly lies in
19 United Stated District Court for the Northern District of California.  In the interest of justice, a
20 federal court may transfer a complaint filed in the wrong district to the correct district.  See 28
21 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).
22 ////
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Change of Venue (ECF No. 36) is granted; and
2. This matter is transferred to the United States District Court for the Northern District of California.

Dated: March 8, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/R/faye2041.21